IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARKER, ALEX B. ) | |
| ADENIYI, CHRISTOPHER ) | |
| AJAYI, OLUBUNMI OLAYEMI ) | |
| AKANDE, SIKIRU T. ) | |
| AKINNIRANTI, EBENEZER O. ) | |
| AKRIDGE, HOWARD ) | |
| ALADENIYI, ADEOLA ) | |
| ALEXANDER, ANTHONY ) | |
| AMADOR, CHRISTINA ) | |
| ANDERSON, JAZEL MONNETTE ) | |
| ANDERSON, LORRAINE E. ) | |
| ANOKWURU, JULIUS E. ) | |
| ARAMALO, IVAN ) | |
| ASHLEY, ANTHONY D. ) | |
| BAINES, BRIAN CHRISTOPHER ) | |
| BAKER, DERRICK ) | |
| BERRIDSE, DARCELL B. ) | Civil Action No. |
| BINGLEY, APRIL ELIZABETH ) | |
| BOLAWOLE, YEMISI EBUN ) | (JURY TRIAL DEMANDED) |
| BOSTIC, SANDY ) | |
| BOYD, CORNELIUS ) | |
| BROWN, LINATA ) | |
| BROWN, RODNEY ) | |
| BURKE, ANTHONY ) | |
| BUTLER, JANICE L. ) | |
| CAMPBELL, STEVEN T. ) | |
| CARBON, BERNARD AGAR ) | |
| CARSON, WANDA ) | |
| CHANCE, MICHAEL WALTER ) | |
| CHANNELL, SHAUNDRA L. ) | |
| CHAPMAN, CIRCILIA ) | |
| CHEVALIER, TRUDY DAWN ) | |
| CLARKE, DESRETTA LEVON ) | |
| CLEMENTS, TERRENCE GEORGE ) | |
| COAYE, KEISHA TAMARA ) | |
| COLLINS, STEPHANIE ) | |
| CROCKER, EYALANDA T. ) | |
| DAVIS, JONATHAN ) | |
| DAVIS, TRACEY LENETTE ) | |
| DELAROSA, EDITH IRENE ) | |
| DELICE, GODARD RON ) | |

| | |
|---|---|
| DIXON, SANDRA CA | ) |
| DUNSON, RODNEY OWENS | ) |
| EDWARDS, GEORGE | ) |
| EDWARDS, RODNEY | ) |
| EMANUEL, CARL E. | ) |
| ESPINOSA, INGRID VANESSA | ) |
| ESTWICK, MARK ST. CLAIR | ) |
| FANTAUZZI, LAURA R. | ) |
| FELIX, DESPI D. | ) |
| FORDHAM, DENISE MARCIA | ) |
| FOSTER, ADRIAN RENEE | ) |
| FRANCIS, LESLIE E. | ) |
| GARDNER, JULIUS | ) |
| GATHERS, MAXINE L. | ) |
| GIBSON, JACQUELINE DENISE | ) |
| GIVANCE, OAMA R. | ) |
| GRAY, KATRINA | ) |
| GREEN, WADE A. | ) |
| HALL, WILLIE | ) |
| HAREWOOD, WINSTON | ) |
| HARRIS, ROBERT | ) |
| HARRY, LEE SAXBY | ) |
| HAYWOOD, MICHAEL L. | ) |
| HILL, STEPHEN MICHAEL | ) |
| HODGE, MARIE A. | ) |
| HOLLINS, SR., SAMUEL S. | ) |
| HUBBARD, MARY E. | ) |
| HUMPHREY, RASHEED C. | ) |
| INGRAHAM, MERLE M. | ) |
| IRVING, LAWTON LEON | ) |
| JACKSON, ELEANOR JOYCE | ) |
| JAMISON, MARION KEVIN | ) |
| JEFFREY, BEVERLY | ) |
| JENKINS, TAMESHA S. | ) |
| JIMENEZ, EDWIN R. | ) |
| JOHNSON, TAHIA N. | ) |
| JORDAN, ROBIN | ) |
| KNIGHT, EARL | ) |
| KNIGHT, PATRICIA T. | ) |
| LAWRIE, DANIEL | ) |
| LEACH, LINDA | ) |
| LECRONE, ELIZABETH V. | ) |
| LEE, DONALD ANDREW | ) |

| | |
|---|---|
| **LINDAU, ELIZABETH JOYCE** | ) |
| **MARTIN, AUBREY CORNELIUS** | ) |
| **MASON, BEVERLY A.** | ) |
| **MCRAE, ALEXANDER HEMING** | ) |
| **MERCHANT-TAYLOR, SIMONE G.** | ) |
| **MILES, LINETTE T.** | ) |
| **MITCHELL, KEVIN** | ) |
| **MORRIS, BARBARA LEE** | ) |
| **MORRIS, SHAMARI** | ) |
| **MOSES, WATSON** | ) |
| **NELSON, LAUVELL L.** | ) |
| **NWANKWO, MICHAEL O.** | ) |
| **OJATUWASE, FANNIE E.** | ) |
| **OJEAGA, FREDERICK I.** | ) |
| **OLADELE, KEHINDE O.** | ) |
| **OLADELE, TAIWO** | ) |
| **OLADIMEJ, MONISOLA O.** | ) |
| **OSAIGBOVO, JENNINGS** | ) |
| **OSORIO, ADRIAN EUGENIO** | ) |
| **OURO-AGOUDA, TAMIMOU** | ) |
| **OVERTON, JASON DARIUS** | ) |
| **PANKEY-ROBERTS, VANDORA KIM** | ) |
| **PASTRANA, ANGEL L.** | ) |
| **PATTERSON, KEVIN DONEL** | ) |
| **PAYNE, BRUCE EDWARD** | ) |
| **PERSAUD, HARDAT** | ) |
| **PIERRE, CAMILLE ALLISON** | ) |
| **RICHARDSON, STEPHANIE VICTORIA** | ) |
| **RIVERA, SR., ROBERTO** | ) |
| **ROBINSON, BARNEY JOSEPH** | ) |
| **ROBINSON, DAREK LEE** | ) |
| **RODRIGUEZ, ALEXANDER** | ) |
| **RODRIQUEZ, EDWIN** | ) |
| **RONDON, JOHN** | ) |
| **ROWE, DAREN A.** | ) |
| **SALDANA, MIGUEL ANGEL** | ) |
| **SERRANO, LESLIE E.** | ) |
| **SHIELDS, RONALD P.** | ) |
| **SIMMONS, SANDRA M.** | ) |
| **SIMPSON, BRENDA Y.** | ) |
| **SINGLETON, TROY R.** | ) |
| **SMALLS, JOHN R.** | ) |
| **SMITH, KEVIN FLOYD** | ) |

| | |
|---|---|
| **SMITH, ROSALIND C.** | ) |
| **SMITH, ROSIA M.** | ) |
| **STAFFORD, MOZELL** | ) |
| **STARKES, PATRICIA ANN** | ) |
| **STEELE, LEWIS** | ) |
| **SYDOROWITZ, LISA MARIE** | ) |
| **TAYLOR, KIM R.** | ) |
| **THOMAS, LARRY ANTHONY** | ) |
| **THOMAS, NADIA** | ) |
| **THOMAS, NORENJA K.** | ) |
| **THOMPSON, ROXANNE S.** | ) |
| **TORRES, HELEN** | ) |
| **TUCKER, MATTHEW W.** | ) |
| **TURNER, DELYNN** | ) |
| **TURNER, ODESSA** | ) |
| **WADE, MARY** | ) |
| **WADE, VERNON CHARLES** | ) |
| **WEST, VALERIE DENISE** | ) |
| **WILDER, LAURA** | ) |
| **WILLIAMS, JOSEPHINE O.** | ) |
| **WRIGHT, JODY** | ) |
| **YORK, DIANNE** | ) |
| | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| v. | ) |
| | ) |
| **CITY OF NEW YORK and THE** | ) |
| **NEW YORK CITY DEPARTMENT OF** | ) |
| **JUVENILE JUSTICE** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**COMPLAINT**

**INTRODUCTION**

4

Plaintiffs, by and through their counsel, Quinn, Ferrante & Mellea, the law firm of Aitchison & Vick, and the law firm of Woodley & McGillivary, for their complaint against the City of New York ("New York City") and the New York City Department of Juvenile Justice ("DJJ")(hereinafter collectively referred to as "defendants"), state as follows:

## PARTIES

1. Plaintiffs are and at all times material herein have been employed by defendants in the position of juvenile counselor and related positions in the New York City Department of Juvenile Justice. Plaintiffs bring this action for a declaratory judgment, back pay and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the defendants' willful and unlawful violations of federal law complained of herein.

2. Plaintiffs are identified in the caption of the Complaint and have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such written consents are appended to this Complaint in the Appendix. These written consent forms set forth each plaintiff's name and address. Plaintiffs bring this action as a collective action on behalf of themselves and all others similarly situated.

3. Each of the plaintiffs in this action while employed by defendants in the position of juvenile counselor and related occupations has been an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 203(e)(1).

4. Defendant New York City is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a

5

public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). New York City has a principal office and place of business located at Broadway and Park Row, New York, New York, and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, New York 10007.

5. Defendant New York Department of Juvenile Justice is an administrative division of New York City and is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material herein, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. §203(x). The DJJ's principal office is located at 365 Broadway, New York, New York.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

8. At all times material herein, and since June 15, 2001, as well as before, the plaintiffs have worked within the DJJ for defendants in the position of juvenile counselor and related positions.

9. Within the last three years while working in the position of juvenile counselor and related positions for defendants, plaintiffs have worked in excess of 40 hours per week.

10. During the times that plaintiffs have worked in excess of 40 hours in a week defendants have failed to provide plaintiffs with the rights and protections provided under the FLSA.  Among other things, defendants have violated the FLSA, 29 U.S.C. §§ 207(a) and (o) through such actions as (1) suffering or permitting plaintiffs to work before and after their scheduled shifts and failing to compensate plaintiffs for such work activities; (2) failing to pay overtime to employees on the regular pay day for the period in which the workweek ends in which the overtime was worked, and instead paying the employees their overtime pay weeks or even months later through the issuance of "commissioner's checks;" (3) denying employees' requests to use compensatory time in circumstances in which no undue disruption of the defendants' operations would result; (4)  forcing employees to accept compensatory time instead of cash overtime for overtime work; (5)   failing to pay plaintiffs any overtime compensation unless the time spent performing such overtime equaled or exceeded 15 minutes in length; and (6) miscalculating the regular rate at which overtime is paid by, among other things, failing to include night shift differential in the calculation of the regular rate of pay.

**CLAIMS FOR RELIEF FOR
<u>VIOLATIONS OF THE FAIR LABOR STANDARDS ACT</u>**

11. Plaintiffs hereby incorporate by reference paragraphs 1 through 10 of this complaint and repeat the allegations set forth therein.

12. Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein.  In

particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay for all work hours in excess of forty hours per week.   Section 207(o) of the FLSA permits the limited use of compensatory time off as a substitute for cash compensation for overtime for public sector employees, but only under the terms and conditions prescribed by the FLSA, 29 U.S.C. §207(o).

      13.    As a result of the defendants' practices, defendants have failed to comply with the overtime pay requirements of the FLSA in the manners outlined herein and in particular in paragraph 10.

      14.    By failing and refusing to pay the plaintiffs and other employees similarly situated the overtime pay required under law, the defendants have violated, and are continuing to violate in a willful and intentional manner, the provisions of the FLSA. Defendants' pay practices violate section 207 of the FLSA and this action is brought to remedy the violations of the FLSA for the maximum period allowed under the law.  As a consequence, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

      15.    As a result of the defendants' willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendants and the plaintiffs are unable to state at this time the exact amount owing to them.  Defendants are under a duty under

the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendants' liability can be ascertained.

16. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendants' failure to pay overtime compensation. In addition, plaintiffs are entitled to an award of interest on their backpay damages until such damages are paid.

17. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand that their claims be tried before a jury.

WHEREFORE, the plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a) Enter judgment declaring that the defendants have willfully and wrongfully violated their statutory obligations, and deprived each of the plaintiffs of his and her rights;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c)  Award plaintiffs monetary liquidated damages equal to their unpaid compensation;

(d)  Award plaintiffs interest on their unpaid compensation;

(e)  Award plaintiffs their reasonable attorneys fees to be paid by the defendants, and the costs and disbursements of this action; and

(f)  Grant such other relief as may be just and proper.

Respectfully submitted,

_____
Andrew Quinn (SSN: 4059)
Quinn, Ferrante & Mellea
399 Knollwood Road
Suite 220
White Plains, NY  10603
Phone:  (914) 997 0555


_____
Gregory K. McGillivary (SSN: 0280)
Molly Ann Elkin  (SSN: 7168)
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, DC  20005
Phone:  (202) 833-8855


_____
Will Aitchison (SSN: 6277)
AITCHISON & VICK, INC.
3021 N.E. Broadway
Portland, OR  97232

Phone: (503) 282-6160